FILED

JAN 0 9 2020

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

ELLIETT SHARPE,
    Defendant

    vs.

UNITED STATES OF AMERICA,
    Respondent

MOTION FOR COMPASSIONATE RELEASE UNDER THE
FIRST STEP ACT AMENDMENT TO 18 U.S.C § 3582(c)(1)

Comes now, Elliett Sharpe, proceeding pro se, and moves this Court pursuant to the First Step Act's amendment to 18 U.S.C § 3582(c)(1)(A) to reduce his sentence based on the extraordinary and compelling reasons set forth below, specifically, Petitioner's deteriorating health conditions and extraordinary rehabilitative efforts.

BACKGROUND

Defendant was indicted by a federal grand jury in the Eastern District of North Carolina for a multicount indictment. On April 21, 2015, defendant pleaded guilty to Conspiracy to Possess With Intent to Distribute 280 grams of cocaine base. On November 4, 2015, defendant was sentenced to 129 months. Defendant made no attempts to appeal.

However, while housed in Farmville County jail and under federal custody, due to a failure to ensure that Sharpe was provided with

medication for high blood pressure, he suffered kidney failure to the extent that he need dialysis three times a week. In addition to high blood pressure and kidney failure requiring dialysis three times a week, defendant suffers from type 2 diabetes, and has had a toe amputated.

Defendant based on the First Step Act amendment to § 3582(c)(1)(a), submitted a request to the Warden for compassionate release which was denied on August 22, 2019. Exhaustion has been completed.

## COMPASSIONATE RELEASE

Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances. Before passage of the First Step Act of 2018, District Courts could grant compassionate release sentence reductions only upon motion by the BOP director. See Pub. L. No. 98-473, Ch. II (d) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Then as now, a defendant must satisfy one of two statutory conditions before a court can grant a BOP compassionate release motion: (1) the defendant has to be at least 70 years old, have served at least 30 years in prison, and the BOP director must have determined the defendant was not a danger to the public; or (ii) "extraordinary and compelling reasons" warrant the reductions. 18 U.S.C § 3582(c)(1)(A). When BOP files such a motion, reviewing courts also must consider the sentencing factors set forth in 18 U.S.C § 3553(a) and can only grant reductions to defendants who met the statutory requirements if the

reduction was "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C § 3582(c)(1).

In 2018, Congress passed the First Step Act. Pub L. 115-391, 132 S.CT 5194. Among other things, it amended section 3582(c)(1)(A), to add a provision allowing Courts to consider motions by defendants for compassionate release without a motion by the BOP director so long as the defendant has asked the Director to bring such a motion and the Director fails. The First Step Act applies the same statutory requirements to a defendant's motion for compassionate release as previously applied and still apply to motions by the Director: "extraordinary and compelling reasons must warrant the reduction, the court must consider the § 3553(a) factors, and the reduction must be "consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C § 3582(c)(1)(A)(i)."

There is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act. By its term, the old policy statement applies to motions for compassionate release filed by the BOP director and makes no mention of motions filed by defendants. U.S.S.G § 1B1.13 (upon motion of the Director of the Bureau of Prisons. . . the Court may reduce a term of imprisonment. . . ."), id at application note 4 ("A reduction under this policy statement may be granted only upon motion by the Director of Bureau of Prisons). The Sentencing

3

Commission has not amended or updated the old policy statement since the First Step Act was enacted, See United States v. Gross, 2019 WL 243746 at *2 (E.D Wash June 11, 2019) nor has it adopted a new policy statement applicable to motions filed by the defendants. And because the Sentencing Commission lacks a quorum to amend the U.S Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to motions brought by defendants in the new future. The Commission consists of seven voting members and requires four from a quorum to amend the guidelines. 28 U.S.C §§ 991(a)(, 994(a). As of the second quarter of fiscal year 2019, the Commission has only two voting members. U.S Sentencing Commm'n, Annual Report 2-3, 2018.

A District Court in the Middle District of North Carolina has held "while the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505 at 6, 9 (M.D.N.C 2019). An interpretation of the old policy statement as binding on the new compassionate release procedure is likely inconsistent with the Commission's statutory role. See United States v. Canta, No. 1:05-CR-458-1, 2019 WL 2498923, at *3 (S.D Texas June 17, 2019)(Because the Commissions statutory authority is limited to explaining the

4

appropriate use of sentence-modification provision under the current statute, 28 U.S.C § 994(a)(2)(c), an amendment to the statute may cause some provision of a policy statement to no longer fall under that authority). Thus, Courts may on motion by defendants, consider whether a sentence reduction for extraordinary and compelling reasons other than those specifically identified in the application notes to the old policy statement. See Beck

## JURISDICTION

This motion for compassionate release under the amended section 3582(c) is properly before this Court. In light of the First Step Act, defendant must satisfy the following:

> (a) he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the Warden in the defendant's facility, whichever is earlier,
>
> (b) extraordinary and compelling reasons warrant such reductions;
>
> (c) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission at U.S.S.G § 1B1.13, which includes the finding that,
>
> (d) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C § 3142(g), and,
>
> (e) The factors under 18 U.S.C § 3553(c), to the extent applicable, favor such request.

Petitioner has filed a motion to the Warden and has been denied. See Exhibit A (Denial of Request for Compassionate Release).

Petitioner submits that his serious health ailments such as Kidney failure and type 2 diabetes, coupled with his extraordinary rehabilitative efforts which include an long list of educational accomplishments with the Bureau of Prisons (BOP), see Exhibit B (Course Work Assignments), constitutes extraordinary and compelling circumstances warranting a reduction in sentence to time served. As the Beck court noted, "in evaluating compassionate release motions filed by defendants, the old policy statements does not bind the court's interpretation of § 3582(c)(1)(A)(i), but it provides helpful guidance. . . They indicate that medical conditions, alone or in conjunction with other factors, can constitue extraordinary and compelling circumstances." See U.S.S.G § 1B1.13, application note 1(A)-(B), (D).

Another District Court has found that "the Court does not consider Mr. Cantu-Riveras' rehabilitation, by itself, as sufficient to constitute an extraordinary and compelling reason. 28 U.S.C § 994(t); U.S.S.G § 1B1.13 comment (n)(3). The Court considers rehabilitation in combination with other factors to constitute, in their entirety, such an extraordinary and compelling reasons." See United States v. Cantu-Rivera, 2019 U.S Dist Lexis 105271 (S.D Houston 2019).

Besides Sharpe's educational accomplishments which the Fourth Circuit has recently noted is relevant under § 3553 factors, see United States v. Martin, 916 F.3d 389 (4th Cir. 2019), such

combined with Sharp's serious medical problems occurring primarily as a result of Farmville County's failure to provide adequate medical case, as they were delegated by the Federal Government to provide the necessary case to its inmates, constitutes extraordinary and compelling circumstances for the granting of the motion for compassionate release.

With regard to Sharpe's type 2 diabetes and kidney failure now requiring dialysis, in spite of the fact that he is only 41 years old, due to the combination of these ailments where his kidneys is now not functioning and he has had a toe amputated, his life expectancy is now significantly curtailed. This is a factor this Court can now consider in deciding whether compassionate release should be granted. Clearly, when this Court imposed on Sharpe the 129 month sentence (nearly have being served thus far), none of the parties could have anticipated that due to Sharpe not being adequately cared for while in federal custody, his condition would have deteriorated to the point that if he is not released from prison to get on the organ donor national registry, there's a possibility he may not survive his condition.

Taken together Sharpe's medical issues, combined with his extraordinary post sentencing rehabilitation constitutes extraordinary and compelling evidence to modify his sentence under Application Note 1 (D). Sharpe despite his own medical problems has taken mental training courses and served as a companion to mental health inmates. Such constitutes extraordinary and compelling circumstances warranting a reduction of sentence. See Exhibit B (Mental health Training).

## MR. SHARPE IS NOT A DANGER TO THE SAFETY OF ANY OTHER PERSON OR TO THE COMMUNITY CONSIDERING THE FACTORS SET OUT IN 18 U.S.C SECTION 3142(g)

Sharpe does not represent a danger to the safety of anyone. Sharpe has no violence in his case and with the poor health he is currently exhibiting can hardly be looked at as a threat. Further, the rehabilitation factors previously discussed demonstrates that Sharpe is a changed man morally and emotionally from the individual who stood before the Court. He has taken classes to become a certified nursing assistant to provide help to others, as well as money smart and Threshold criminal thinking. This is just a few of the many rehabilitative programs Sharpe has participated. See Exhibit B

## CONSIDERATION OF THE FACTORS IN 18 U.S.C § 3553(a) SUPPORT GRANTING THE MODIFICATION SOUGHT

The balance of the § 3553(a) factors support granting this sentence reduction. The nature and characteristic of the offense and Sharpe's history at the time of sentence may not have been clear error. However, Sharpe's history and characteristic and the medical ailments he has developed since his sentencing demonstrates a sentence reduction is justified.

A modified sentence of time served has served and would continue to serve as an adequate deterrence and to protect the public from further crimes of the defendant's section 3553(a)(2)(B), (C). The

8

arguments presented in the preceding paragraphs concerning his rehabilitation, medical ailments demonstrates that those sentencing objectives have been addressed well by the sentence thus far already served.

Finally the sentence already served has provided Sharpe with educational opportunities, which he has taken full advantage.

## CONCLUSION

Based on the foregoing arguments, defendant Sharpe respectfully requests that this Court grant the motion for compassionate release, or at a minimum hold a hearing to determine his suitability for early release.

Date: 20 day of December, 2019

Respectfully Submitted

*Elliett Sharpe*
Elliett Sharpe
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432

CERTIFICATE OF SERVICE

I, Elliett Sharpe, certify that on this 20 day of December, 2019, I caused to be served on the following, United States Attorney Officer for the Eastern District of North Carolina, 310 New Bern Avenue, Suite 800, Raleigh, N.C 27601, by first class mail, a copy of Sharpe's Motion for Compassionate release under amended § 3582(c)(1)(A).

*Elliett Sharpe*
Elliett Sharpe

Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432