IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-124-1FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ELLIETT CORNAL SHARPE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for compassionate release, (DE 73, 74, 75). The government did not respond to the motions and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On November 4, 2015, the court sentenced defendant to 129 months' imprisonment following his conviction for conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine. On January 9, 2020, defendant filed the instant first motion for compassionate release, arguing that his severe kidney disease and diabetes justify release. On April 9, 2020, defendant filed the instant supplemental motion for compassionate release based on defendant's risk of contracting the communicable disease known as COVID-19. Defendant filed identical second supplemental motion on April 21, 2020.

## DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary circumstances. As amended by the First Step Act, 18

U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. The court may grant the motion and reduce the defendant's sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

Here, defendant has not demonstrated that he exhausted administrative remedies prior to filing the instant motion. In support of the first motion, defendant submitted a response from the warden of the Federal Medical Center in Devens, Massachusetts ("FMC-Devens") denying his administrative request for compassionate release. In order to exhaust administrative remedies in these circumstances, defendant must appeal the warden's decision through the Federal Bureau of Prisons' ("FBOP") administrative remedy procedure. See 28 C.F.R. § 542.15(a). Defendant's motion fails to establish that he pursued any administrative appeals as required by the statute. See 18 U.S.C. § 3582(c)(1)(A).

Alternatively, defendant's first motion for compassionate release fails to establish extraordinary and compelling reasons for granting a sentence reduction. The court was aware of defendant's kidney disease and impending dialysis treatment when it sentenced defendant, and

---

[1] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

2

defendant presents no evidence that FBOP medical officials are failing to provide adequate care for his condition.

As to the remaining motions based on COVID-19, defendant admits he has not exhausted administrative remedies. The court cannot excuse the exhaustion requirement, even to take into account the COVID-19 pandemic. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); cf. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes."). The court therefore will deny these motions without prejudice to allow defendant to exhaust administrative remedies.

## CONCLUSION

Based upon the foregoing, the court DENIES defendant's motions for compassionate release, (73, 74, 75). The court DENIES WITHOUT PREJUDICE the motions that request compassionate release based on COVID-19 risks, (DE 74, 75).

SO ORDERED, this the 14th day of May, 2020.

	_____
	LOUISE W. FLANAGAN
	United States District Judge

3

Case 5:15-cr-00124-FL   Document 76   Filed 05/14/20   Page 3 of 3